Argued and submitted September 24, affirmed on petition and on cross-petition
November 21, 1990

In the Matter of the Compensation of
Joseph F. Smith, Claimant.

## CIGNA INSURANCE COMPANIES/
## PORTLAND RENDERING,
*Petitioner - Cross-Respondent,*

*v.*

## CRAWFORD & COMPANY/
## PORTLAND RENDERING,
*Respondent - Cross-Petitioner,*

*and*

Joseph F. SMITH,
*Respondent - Cross-Respondent.*

(87-10525; CA A62902)

801 P2d 850

Montgomery W. Cobb, Portland, argued the cause for petitioner - cross-respondent. With him on the briefs were Matthew K. Rossman and Tooze Shenker Holloway & Duden, Portland.

Margaret H. Leek Leiberan, Portland, argued the cause and filed the brief for respondent - cross-petitioner.

Glen S. Shearer, Portland, argued the cause for respondent - cross-respondent. With him on the briefs was Schouboe, Marvin & Furniss, Portland.

Before Buttler, Presiding Judge, and Deits and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Cigna Insurance Companies seeks review of a decision of the Workers' Compensation Board affirming the referee's decision that claimant's asthma is compensable and holding that Cigna, and not Crawford and Company, is the responsible insurer. Crawford cross-petitions for review, contending that the Board erred in ordering it to pay claimant's attorney fees. We affirm on the petition and cross-petition.

■　There is substantial evidence to support the Board's finding that claimant's asthma was caused or worsened by his on the job exposure to smoke and fumes after Cigna became employer's workers' compensation carrier. Its conclusion that Cigna is responsible is affirmed.

■　On Crawford's cross-petition, we conclude that claimant is entitled to attorney fees pursuant to ORS 656.382(2), payable by Crawford. ORS 656.382(2) provides:

> "If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

Cigna did not appeal to the Board and therefore cannot be assessed fees under the statute. Crawford was held responsible by the referee, and appealed to the Board on the questions of compensability and responsibility; thus, claimant was required to defend the case before the Board or risk loss of compensation. Although Crawford prevailed on Board review, there is no indication that the shifting of responsibility to Cigna resulted in a reduction of compensation to claimant. The test under the statute is not whether the one seeking review prevails; it is whether compensation was disallowed or reduced. It was not disallowed or reduced, so claimant is entitled to his attorney fees under ORS 656.382(2) against the insurer that sought review.

Affirmed on petition and on cross-petition.